Neuman v. St. Louis Transit Co.

---

NEUMAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, December 12, 1905.

**WEIGHT OF EVIDENCE: Physical Facts.** In an action against the St. Louis Railway Co. for injuries received by plaintiff while a passenger, in being thrown from the platform by the rapid speed of the car in going round a curve, where the evidence showed that the plaintiff was found lying six feet from the track this would not demonstrate a physical impossibility for the plaintiff to be thrown that distance so as to justify nonsuit, but is a question of fact for the jury to weigh as to whether she was thus thrown or stepped off while the car was in motion.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Boyle & Priest, Geo. W. Easley* and *Geo. T. Priest* for appellant.

*Ernest E. Wood* for respondent.

PER CURIAM.—The plaintiff fell, or was thrown, from a street car operated by the defendant company and recovered judgment for personal injuries sustained. The only ground of recovery submitted to the jury was that the car was carelessly run around a curve at high speed and in consequence plaintiff was thrown to the street and hurt. There was testimony to support the proposition that the speed of the car in going around the curve was more rapid than it should have been and plaintiff in consequence was thrown off the rear platform. There was also testimony to show she carelessly stepped from the car when it was in motion and thereby received the injuries of which she complained. The only reason presented why the judgment should be reversed is that the position of the plaintiff after she fell on the street, demonstrated that, according to the laws of physics, she could not have been thrown from the car but must have stepped off. An argument is addressed to us in support of this theory. The plaintiff after her fall was found lying six feet from the tracks and eighteen feet in the rear of the car. The car went around the curve toward the west, coming from the north. Plaintiff after her fall lay to the east of the track. We are of the opinion that it was not manifestly a physical impossibility for plaintiff to be thrown by the movement of the car where she was found; but that she might very well have been thrown six feet to the east as the rear end of the car rounded the curve if the motion was too rapid. This case simply presents a conflict of evidence as to the mode in which the injury occurred and the verdict of the jury is conclusive on us.

The judgment is affirmed.